# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

## UNITED STATES OF AMERICA

**-vs-**                              **Case No. 4:14-CR-11-02-HLM**

## BRIAN EDWARD CANNON   Defendant's Attorney:
## CHRISTOPHER PAUL TWYMAN, ESQ

## JUDGMENT IN A CRIMINAL CASE
## (For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty to Count(s) Two (2) of the Superseding Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
| --- | --- | --- |
| 18 U.S.C. §2332a(a)(2)(A) | Conspiracy to Use Weapons of Mass Destruction | 2 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of **$ 100.00** which shall be due immediately.

The Court finds the defendant does not have the ability to pay a fine and the cost of incarceration. The Court will waive the fine and the cost of incarceration in this case.

4:14-CR-11-02-HLM : BRIAN EDWARD CANNON

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.   XXX-XX-7511   Date of Imposition of Sentence: August 28, 2015
Defendant's Date of Birth:   1977
Defendant's Mailing Address:
Fort Payne, Alabama

Signed this the ___31st___ day of August 2015.

_____
HAROLD L. MURPHY
UNITED STATES DISTRICT JUDGE

4:14-CR-11-02-HLM : BRIAN EDWARD CANNON

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **One Hundred Forty-four (144) months**.

The Court recommends to the Bureau of Prisons the defendant be allowed to serve his sentence in a federal facility in or near the west cost geographic area in or near Bakersfield, California.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

4:14-CR-11-02-HLM : BRIAN EDWARD CANNON

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Five (5) years**.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1. The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2. The defendant shall refrain from any unlawful use or possession of a controlled substance and submit to one (1) drug urinalysis within fifteen (15) days after being placed on supervision and at least two (2) periodic tests there after. The defendant shall participate in the drug/alcohol treatment program as directed by the United States Probation Officer and if able, contribute to the cost of services for such treatment.

3. The defendant shall not own, possess or have under his control any firearm, dangerous weapon or other destructive device.

4. In lieu of a fine and the cost of incarceration, the defendant shall perform One Hundred (100) hours of community service under the guidance and the supervision of the United States Probation Officer.

5. Pursuant to 18 U.S.C. § 3583(d), the defendant shall submit her person, and any property, house, residence, vehicle, papers, computer other electronic communication or data storage device or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision function. The defendant shall permit confiscation and/or disposal of any material considered contraband or any other item which may be deemed to have evidentiary value related to violations of supervision.

6. Pursuant to 42 U.S.C. §14135a(d)(1) and 10 U.S.C. §1565(d), which requires mandatory DNA testing for federal offenders convicted of felony offences, the defendant shall cooperate in the collection of DNA as directed by the United States Probation Officer.

7. Pursuant to the indictment in this case which contains a forfeiture provision as a result of committing any offense alleged in Count Two (2) of the superseding indictment, the defendant shall forfeit to the United States pursuant to 21 U.S.C. §853 any and all property real or personal constituting or derived from any proceeds that the defendant obtained directly or indirectly as a result of said violations and any and all property used or intended to be used in any manner to commit or to facilitate the commission of a violation alleged in Count Two (2), and it is ordered the same be and is hereby forfeited to the United States.

4:14-CR-11-02-HLM : BRIAN EDWARD CANNON

# STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within **72** hours of any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

4:14-CR-11-02-HLM : BRIAN EDWARD CANNON

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **72** hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.